IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:15-CR-351-M |
| | § | |
| MELEK ACKAY PORTILLO (01) | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is a Motion to Withdraw Guilty Plea (ECF No. 60), filed by Defendant Melek Ackay Portillo. After consideration, the Motion is **DENIED**.

**I.    BACKGROUND**

On August 5, 2015, Portillo was charged in an Information with two counts of misdemeanor copyright infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(3). (ECF No. 2). On the same date, Portillo filed a factual resume, which informed Portillo that misdemeanor copyright infringement requires proof that: (1) a valid copyright existed; (2) the defendant acted willfully; and (3) the defendant infringed the copyright by reproduction or distribution of the copyrighted work. (ECF No. 3, at 2). The factual resume also contained an agreed stipulation of facts, describing Portillo's conduct that gave rise to the charges against her. (*Id.* at 2–3).

On August 5, 2015, Portillo filed a written plea agreement with the government. (ECF No. 4). Under the plea agreement, Portillo agreed to serve a probated sentence of five years, pay restitution, forfeit any counterfeit CDs and DVDs in her possession, and withdraw from any work in or for the music industry. (*Id.* at 2–3). In exchange for Portillo's guilty plea, the government agreed it would not bring any additional charges against Portillo based on the conduct underlying and related to her guilty plea. (*Id.* at 6). Portillo acknowledged, in the plea agreement, that she had thoroughly reviewed all legal and factual aspects of this case with her

attorneys and that she was fully satisfied with the legal representation that they provided to her. (*Id.* at 7). Portillo also acknowledged that she received satisfactory explanations regarding every paragraph in the plea agreement, her rights affected by the plea agreement, and alternatives to entering into the plea agreement. (*Id.*).

On August 25, 2015, Portillo, accompanied by three defense attorneys, appeared before United States Magistrate Judge Paul D. Stickney and pleaded guilty to Counts One and Two of the Information. (ECF No. 8; ECF No. 47, at 21:4–7). Portillo testified under oath that she had read the factual resume before signing it and that the facts stated in it were true. (ECF No. 47 at 21:11–22). Portillo also acknowledged she voluntarily and freely entered into the plea agreement, which she read prior to signing and which was further summarized to her at the hearing by Judge Stickney. (*Id.* at 17:6–21, 18:5–20:25). After advising Portillo of her rights and hearing her testimony, Judge Stickney determined that (1) Portillo was fully competent to enter a guilty plea; and (2) her guilty plea was made knowingly and voluntarily and supported by an independent basis in fact. (*Id.* at 21:23–22:5; *see id.* at 8:21–23, 9:3–17). After receiving the recommendation of Judge Stickney, this Court accepted Portillo's plea and found her guilty of Counts One and Two of the Information. (ECF No. 13).

On February 17, 2016, a sentencing hearing commenced for Portillo. (ECF No. 27). The Court determined that it needed additional information to make its sentencing decision and continued the hearing to October 28, 2016. (ECF Nos. 28, 29, 31). The Court further ordered that Portillo was prohibited from disposing of assets prior to the Court's final sentencing decision. (ECF No. 34, at 29:9–16). On October 28, 2016, just prior to the second sentencing hearing, the Court learned that defendant Portillo had disposed of a Dallas warehouse in contravention of the Court's orders. (*See* ECF No. 35, at 3:5–4:14). The Court reset the sentencing hearing to December 2, 2016. (ECF No. 38). The Court also appointed a prosecutor

to investigate and pursue criminal contempt charges against Portillo in a separate action. (*See* ECF No. 40). On November 29, 2016, Portillo's counsel moved to stay her sentencing hearing until the contempt matter was resolved. (ECF No. 41). The Court granted the stay. (ECF No. 45). On November 17, 2017, Portillo pleaded guilty to misdemeanor contempt, after which she was sentenced to two years of probation and a $5,000 fine was imposed. (*See USA v. Portillo,* Case No. 3:16-CR-496).

On March 16, 2018, this Court granted the substitution of new counsel for Portillo. (ECF Nos. 58, 59). On March 19, 2018, new counsel filed a motion to withdraw Portillo's previous guilty plea, and requested a hearing regarding same. (ECF No. 60).

## II. LEGAL STANDARD

A defendant does not have an absolute right to withdraw a plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). After the district court has accepted a guilty plea but before sentencing is imposed, a guilty plea may be withdrawn if the defendant can show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The defendant has the burden to establish a basis for withdrawal. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

To determine whether there is a "fair and just reason" for withdrawal, the Court may consider: (1) whether the defendant asserted her innocence; (2) the defendant's delay in seeking to withdraw her guilty plea; (3) whether the defendant received close assistance of counsel; (4) whether the original plea was made knowingly and voluntarily; (5) the prejudice to the government; (6) the potential inconvenience to the Court; and (7) the extent that judicial resources would be wasted by reopening the case. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). No single factor is dispositive, nor is the Court required to make findings with respect to each factor. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). The Court's determination must be based on the totality of the circumstances. *United States v.*

*McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).  The Court has broad discretion whether to allow a defendant to withdraw a guilty plea.  *Id.* at 649.

### III. ANALYSIS

#### A. Request to Withdraw Guilty Plea

The totality of the circumstances does not support Portillo's request to withdraw her guilty plea.

##### 1. Assertion of innocence

A defendant's belated claim of innocence does not entitle the defendant to withdraw a previous plea of guilt.  *United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015).  Over two years after her plea hearing, Portillo argues she is not guilty of copyright infringement because she claims she did not act willfully in contravention of any copyright law.  (Mot., ECF No. 60, at 5).  The Court is unpersuaded by this argument.

On August 25, 2015, Portillo testified, under oath, that she read the factual resume setting forth the charges against her for copyright infringement.  (ECF No. 47, at 21:11–22).  The factual resume explained that these charges required a finding of willfulness.  (ECF No. 3).  Based on her understanding of the nature of these charges, Portillo represented to the Magistrate Judge that she was guilty of copyright infringement.  (ECF No. 47, at 21:4–7).  This guilty plea was consistent with other evidence demonstrating Portillo's involvement in the illegal replication of CDs and DVDs that she admits she later sold.  (*See, e.g.,* ECF No. 61-1).  In light of these facts, this factor does not support Portillo's request to withdraw her guilty plea.  *See Harrison,* 777 F.3d at 235; *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015).

##### 2. Delay to request a withdrawal of the guilty plea

It is significant that Portillo waited over two years before seeking to withdraw her guilty plea.  Such a lengthy delay suggests that Portillo moves to withdraw her plea for tactical reasons.

The Fifth Circuit has found that defendants can be barred from withdrawing their guilty pleas after much shorter periods of delay. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017); *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007). This factor weighs heavily against the Court allowing Portillo to withdraw her plea in this case.

### 3. Close assistance of counsel

Portillo argues her guilty plea should be withdrawn because her decision to plead guilty was not aided by the close assistance of counsel. The inquiry whether a defendant received close assistance of counsel is distinct from whether counsel was ineffective or gave incorrect advice. *See United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014); *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008). Courts generally assess whether counsel provided close assistance by evaluating various factors known to the Court as to the work of defense counsel. *See McKnight*, 570 F.3d at 646–48 (compiling cases).

Here, Portillo argues her counsel's assistance was inadequate because they did not advise her on the "willfulness" element of the copyright infringement charges against her. (Mot., ECF No. 60, at 7). Portillo further claims that her attorneys improperly advised her to sign a factual resume that contained untrue statements of fact. (*Id.*). The only evidence that Portillo cites in support of these arguments is her own affidavit.

Evidence in the record indicates that Portillo received frequent and adequate legal assistance from at least three attorneys. These attorneys include former state judge, Danny Clancy; former federal prosecutor, Jay Ethington; and former federal prosecutor, Cody Skipper. (*See* Resp., ECF No. 61, at 12). These attorneys reviewed documents and investigated various issues in preparation to defend Portillo. (*See* ECF No. 14). They repeatedly appeared in this case on Portillo's behalf, (ECF Nos. 7, 8, 27, 33), and negotiated a favorable plea agreement that allowed her to avoid jail time. (*See* ECF No. 4, at 2–3). At the time she signed her plea

agreement, Portillo acknowledged that her attorneys thoroughly discussed the legal and factual aspects of the case with her, and she was fully satisfied with their representation. (*Id.* at 7).

This factor does not support Portillo's request to withdraw her guilty plea. *See United States v. Herrod*, 595 F. App'x 402, 411 (5th Cir. 2015); *McKnight,* 570 F.3d at 646–48; *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).

### 4. Knowing and voluntary plea

Portillo argues she should be able to withdraw her guilty plea because it was not knowing or voluntary. The Court disagrees. At her plea hearing, Portillo testified that the facts asserted in her factual resume were true and correct, (ECF No. 47, at 21:11–22), she understood the consequences of pleading guilty, (*Id.* at 17:25–18:4; *see also* ECF Nos. 3, 4), she voluntarily and freely entered into the plea agreement, (ECF No. 47, at 17:6–8), nobody made any promises or assurances to her outside of the plea agreement in an effort to persuade her to plead guilty, (*Id.* at 17:18–21), and nobody attempted to force her to plead guilty (*Id.* at 17:22–24). At the plea hearing, the Magistrate Judge also discussed with Portillo the sentencing terms set out in the plea agreement, and Portillo responded that she understood those terms. (*Id.* at 18:5–19:24). These facts are sufficient to establish that her plea was knowing and voluntary. *See Harrison*, 777 F.3d at 236; *United States v. McElhaney*, No. 3:03-CR-370L1, 2005 WL 3148234, at *3 (N.D. Tex. Nov. 17, 2005). Accordingly, this factor weighs against the withdrawal of Portillo's guilty plea.

### 5. Prejudice to the government

Portillo contends that the government would not suffer prejudice as a result of withdrawal of her guilty plea. (Mot., ECF No. 60, at 9). The government counters that Portillo's delay in requesting withdrawal has (i) increased the risk that witnesses will be unable to recall relevant facts, and (ii) made it more difficult for the government to locate key witnesses. (Resp., ECF No. 61, at 8–9). The Court agrees that those are factors prejudicial to the government.

6. Inconvenience to the Court and waste of judicial resources

Portillo contends that the withdrawal of her guilty plea would not result in a waste of judicial resources or substantially inconvenience the Court. (Mot., ECF No. 60, at 9–10). The government responds that the Northern District of Texas currently faces multiple judicial vacancies and judges in this district have heavy caseloads. (Resp., ECF No. 61, at 10). The government further argues that the Court would be required to spend valuable judicial resources on a case that should have been resolved by Portillo's guilty plea over two years ago. (Resp., ECF No. 61, at 11). Although the Court agrees this factor is satisfied, the Court gives this factor less weight than the others.

After consideration of the totality of the circumstances, the Court finds that the *Carr* factors weigh in favor of the government and against Portillo's request to withdraw her guilty plea. The Court therefore finds that Portillo's Motion should be denied.

**B.     Request for Evidentiary Hearing**

Portillo asks the Court for an evidentiary hearing on her Motion. Even assuming Portillo would present evidence at the hearing in support of her Motion, the Court would not reconsider and grant Portillo permission to withdraw her plea. *See United States v. Martin*, No. 3:14-CR-183-M, 2015 WL 3404221, at *3 (N.D. Tex. May 22, 2015). The Court therefore denies Portillo's request for a hearing.

**IV.     CONCLUSION**

Because the Court finds that Defendant Melek Ackay Portillo lacks a fair and just reason for withdrawing her guilty plea, the Court **DENIES** Portillo's Motion to Withdraw Plea of Guilty (ECF No. 60).

**SO ORDERED**.

April 9, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE